```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

ERIC HEDGEPETH,

        1:17-cv-09341-NLH-AMD

    Plaintiff,

        **MEMORANDUM**

v.        **OPINION & ORDER**

KENTUCKY FRIED CHICKEN,

    Defendant.

**APPEARANCES:**

ERIC HEDGEPETH
351 CLEVELAND AVE.
TRENTON, NJ 08629

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Eric Hedgepeth, appearing *pro se*, has filed a complaint against Kentucky Fried Chicken; and

    WHEREAS, Plaintiff claims that while he was working at the Kentucky Fried Chicken in Burlington, New Jersey, in August 2017, the assistant manager took his name out of the computer, and as a result he was never paid for the time he worked; and

    WHEREAS, Plaintiff seeks $5000 in damages for pain and suffering and $5000 for labor law violations; and

    WHEREAS, Plaintiff has filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP"

application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, <u>Hickson v. Mauro</u>, 2011 WL 6001088, *1 (D.N.J.2011) (citing <u>Lister v. Dept. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, <u>see</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013); <u>Martin v. U.S. Department of Homeland Security</u>, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant, <u>Estelle v. Gamble</u>, 429 U.S. 97, 107 (1976), but pro se litigants

2

"must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is deficient in three significant ways:

1. Plaintiff has failed to state this Court's subject matter jurisdiction over his action, whether it is based on a federal question, or whether it is based on diversity of citizenship and an amount in controversy in excess of $75,000, see 28 U.S.C. §§ 1331, 1332;

2. If Plaintiff's case is premised on diversity of citizenship, Plaintiff has failed to properly plead the citizenship of Defendant, see 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .");

3. Plaintiff has failed to state a specific legal basis

3

for his claims - he requests damages for pain and suffering and the violation of labor laws, but he fails to specify whether his claims sound, for example, in contract or tort, and he also fails to specify what labor laws Defendant allegedly violated[1] – which is necessary to establish subject matter jurisdiction, see Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction.");

THEREFORE,

IT IS on this \_\_3rd\_\_\_ day of \_January\_\_\_, 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-3) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend his complaint to properly cure the deficiencies noted above. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[1] Perhaps Plaintiff has intended to assert a claim for a violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.